Good morning, and may it please the Court. My name is Raj Mathur, and I represent the appellant, Christine Pino, in this matter. If I may, I'd like to reserve five minutes for rebuttal. Go ahead, please. There are two buckets of statements in this case, Cardone's factual debt statement, which is not governed by Omnicare, and Cardone's projections about returns and distributions, which are governed by Omnicare. I'm going to begin with the first bucket. Cardone told investors that he was responsible for the debt of the funds. That is a statement of fact, which Pino 1 held was actionable and false. On remand, Pino made precisely the same allegations about that statement. Even though Omnicare does not apply to it, the District Court dismissed those allegations as immaterial. That was error for two reasons. First, the District Court dismissed those allegations using the very same inferences, Cardone-friendly inferences, which this Court held were error in Pino 1. In the first appeal, the District Court dismissed these allegations because of the post-surrounding context and purportedly backwards-looking nature. That is quoted on page 6 of our reply brief. This Court reversed, holding that the allegations are actionable and that the District Court, the first appeal, failed to interpret these allegations in the light most favorable to  On remand, faced with the same allegations, the District Court drew the same inferences about the post's context and its backwards-looking nature. That was error. The post is material for the same reason that it is false, because it plausibly suggests that investors are not on the hook for the fund's debt. That is not true. At best, the post's context is a question of fact that could not be resolved as a matter of law. I'll turn next to the Omnicare bucket. And there's two categories of allegations. Mr. Mather, would you, do those arguments also go to the question of the asset liability issue? They do. They apply equally to that allegation, Your Honor, yes. Also addressed previously and actionable, and so it stays in here as your argument? That's correct. Pino 1 directly held that that allegation, too, is actionable and was an untrue statement of fact. Within the Omnicare bucket, there's broadly two categories of allegations. One is about omissions, and the other is about subjective falsity. I'm going to begin with omissions. The district court dismissed Pino's omissions claim because he knew or should have known about the SEC's determination. But Pino alleged that he did not know. That's on page 123 of the record, paragraph 104 of the second amended complaint. It was directly contrary to Pino's allegations. As to whether he should have known, Omnicare did not establish that categorical rule because Omnicare did not concern the omission of a public fact at all. The Supreme Court had no opportunity to establish such a rule. And that rule of constructive knowledge is directly at odds with decades of this court's precedence, in particular about the fraud on the market principle. And if I may, I'd like to just take a moment to explain why the fraud on the market principle is so important to this appeal. Your comment there that we have decades, you're talking about section 12, which is kind of an unusual or different section than we often see in securities fraud cases. So you're saying there basically it doesn't matter that it was in these public filings or that it was out there as long as the individual alleges that he or she didn't know. Is that all that needs to be alleged? That's exactly right, Your Honor. Section 12 is unusual in that it does not require an investor to prove that something was not, that something was in the public record. That does not foreclose a claim. That was this court's teaching in Casella v. Webb. And it's because in a section 12A2 case, Your Honor, the plaintiff does not need to prove reliance and therefore does not invoke the fraud on the market presumption. And this court was clear in Miller v. Thain, that's the second footnote of Miller, that in a non-fraud on the market case, an investor, the fact that truthful, available information is somewhere available on the market does not relieve. But isn't that almost encouraging, sort of willful blindness, that SEC letter was publicly available for over a year before P&O invested? So why shouldn't we follow Rupke and say, well, look, it was, reprinting that would be pointless, costly, and have some responsibility on an investor to do some due diligence on basic documents like what's posted on EDGAR? Two points, Your Honor. First, this is a question about the reasonable investor. Whether a reasonable investor looking at Cardone's Instagram post would know to go look at EDGAR, not just at the offering circular, but a draft offering circular, and then in exchange with the SEC is a question of fact. Cardone in his Instagram post did not direct investors to read anything else, let alone go on EDGAR and read earlier exchanges with the SEC. And that one sentence in Rupke, Your Honor, which is in fact a quotation from the Seventh Circuit post, does not create the categorical rule that was adopted below. The Fifth Circuit, in caps, was clear that where that one sentence comes from, that decision did not concern an omission claim at all. It was about compliance with SEC rules, and caps clearly said that there is no categorical prohibition on a plaintiff stating an omissions claim based on a publicly available fact. It was error for the district court to conclude otherwise. I'll turn next to the second category of allegations within the Omnicare bucket, and that is subjective falsity. Pino's Second Amendment complaint plausibly alleges subjective falsity, and here's why. Cardone in his draft offering materials for Fund 5 represented to investors that they would achieve a 15% internal rate of return. And to back up that projection, he included his entire investment track record. That's on pages 325 to 329 of the record. The SEC reviewed all that and said Cardone did not have a basis to make that projection, and it gave him a choice. He could either provide additional justification or he could withdraw the representation. He chose the latter. Never again in an SEC filing did Cardone project a 15% IRR, and yet he went on social media months later and made not only that projection, but more aggressive projections. Couldn't he subjectively believe these claims but choose not to push back? Sure. I mean, for whatever unusual thought process that might contain. It is a reasonable inference based on the allegations in the complaint that that was not the case. Even if that were plausible, Your Honor, that is a question about Cardone's state of mind that could not be resolved at the pleading stage. At the pleading stage, the defendant cannot merely offer some other possibly plausible alternative based on conjecture not alleged in the complaint and obtain dismissal on that ground. Even if there are two plausible explanations for the conduct here, the case must proceed. And that follows directly from the Supreme Court's holding in Virginia Bankshares, which made clear that at the pleading stage, a securities plaintiff is very unlikely to have anything other than circumstantial evidence about a defendant's state of mind. And that is exactly what Pinot has put forward here. I thought that the Ninth Circuit in Ray Century Aluminum Company's securities litigation said that where there's two possible explanations, one of which is true, one of which results in liability, the plaintiffs can't offer allegations that are merely consistent with their favored explanation, but are also consistent with the alternative explanation. You have to do something more to satisfy Twombly and Iqbal. And this Court has made clear, Your Honor, that the plausible alternative explanation that a defendant offers must be so convincing that the plaintiff's explanation is implausible. That's the Starr v. Baca decision, 652 after 1202. And at best, you have two plausible explanations here that a jury must decide after Cardone is subject to cross-examination about his state of mind. But in this case, you have to exclude the other possibility. How do you exclude the other possibility here? I mean, the internal rate return ended up being true, right? Actually, it was a 24 percent return or something along those lines. So how do you exclude his possibility that, you know, I thought that was going to come true and it did? It is not true, Your Honor, that the rates of return that Cardone projected have in fact come true. Cardone relies for that proposition on projections about rates of return. Investors have not in fact obtained 18 or 24 percent internal rates of return. They cannot liquidate their investments today. They have been paid only distributions, which are far less half of what Cardone was promised. That argument, Your Honor, is also a red herring because this court does not need to decide the objective truth or falsity of the statements today. That inquiry is based on the falsity of the statements at the time that they were made. And that is clear from this court's decision in Fingen, where the court was presented with projections through 2024 in early 2023. And the court did not say that the plaintiff on that basis cannot state a claim. The court looked to the company's likely future performance to determine objective falsity because falsity is measured on the day a statement is made. I'll reserve the balance of my time. Thank you. I have 4 minutes and 28 seconds. May it please the Court, Lisa Buny with King & Spalding on behalf of defendants at Paliz, which I shall jointly refer to as Cardone today. I want to first address an argument and some of the judge's questions with respect to Section 12 and being able to easily plead around it by just saying, I didn't know. First of all, Section 12 is fairly unusual. You must see much more of Section 11 and Section 10b. Section 12 here, the language that we're looking at is the exact same as Section 11. And so those two statutory sections should be considered in conjunction here. They both have the section that you have to have an untrue statement of fact. And then they have in parens in both, which has the meaning of, unless the purchaser actually knows of such untruth or omission. And it is that parent that plaintiffs are referring to here by saying that you have to have actual knowledge of an omission. But Section 11 and Section 12, Omnicare was a Section 11 case. That decision looked to the misstatement of fact provision of the statutory section. So that is what we are looking at here. And as the court said in Omnicare, to plead an omission, it is no small task. What Pino wants to do here is make it a very easy task. According to them, all you would have to do to plead an omission under Omnicare that gets passed a motion to dismiss is simply to state, I didn't know. I had no actual knowledge. That is not what Omnicare holds. Omnicare holds that it is no small task to plead it, and that you have to plead an omission that goes to the basis of the opinion that would render the opinion misleading when considered in context. That is not something easy to plead. They have not pled it here. I'm confused. So you're saying that the fact that Cardone did not mention that the SEC had sent him a letter, that his IRR projections had no faces, and he withdrew it, that that's an omission that has not been adequately pled? Is that what you've just argued? That is not an omission because it's in the public record, is the argument. So you have to, under Omnicare, consider the context of everything. That SEC letter is in the public record. This would be a different case if the SEC letter was not in the public record. Well, so what you're basically saying is that if the information or statement is available elsewhere, that somehow that knowledge is imputed to plaintiff and you can't argue an omission. On an omission theory, yes. That is what I'm saying. And the reason is because under Omnicare, so if you, it goes back to the statute. Statute is specific to a misstatement of fact or omission of fact, with fact being the key piece. So in Omnicare, the court was deciding, can you have an action that's based on an opinion when the statute itself says fact, and section 12 is the same. It also says fact. And so they said that's not the end of the inquiry, because an opinion confirms one thing. It confirms that the speaker of that opinion holds that belief. And so an inquiry around an omission or an opinion always looks to the speaker's belief and whether the speaker held that opinion. So from Cardone's perspective, here's what you're looking at. Are you referring to the Omnicare language that says, in other words, a statement of opinion is not misleading just because external facts show the opinion to be incorrect? What specific language are you referring to? Give me one second. Because I think you're merging what they're saying about statements of fact and statements of opinion, omissions of fact and statements of opinion. And I don't think you can do that here between the existence of an SEC letter and internal rate of return predictions. What I am referring to is the language in the opinion that is at page 184. And it is discussing the difference between fact and opinion. So there's a discussion about what's a fact, what's an opinion. So where does it specifically say, as long as something is in the public record, there can never be an omission? Where does it say that? It does not have that specific language. It does have- But that's your argument, correct? That's your argument. That is the argument. Okay, so but where do I look in Omnicare? I have it in front of me, and I'd like to know the specific language that supports that argument. If you look to page 191, it carries over into 192. You just said 184, so it's not 184, right? I apologize, Your Honor, I thought you were asking about the part where the court said that a statement of fact confirms that the, excuse me, that an opinion confirms that the speaker actually holds the stated belief. With respect to the omission piece, it's on pages 191, carries over to 192. And here is where the court is describing that an omission- And what is this specific language, just so I can find it, please? This is a new argument that I'm not familiar with, so- Sure. I think there are several pieces to it. It starts at, actually on 190, it starts, moreover, whether an omission makes an expression of opinion misleading always depends on context. That is the start of the discussion. The court goes on to explain, so an omission that renders misleading a statement of opinion when viewed in a vacuum may do so once that statement is considered as is appropriate in a broader frame. It then goes on, court then goes on to explain that these are not new concepts. This is based on the restatement of torts. And in the restatement of torts, what is looked to, and this is from the bottom of 191, starting at 192, where a speaker holds himself out or is understood as having special knowledge of the matter, which is not available to the plaintiff. So that is really the key piece here, is plaintiff had available to him, the father who invested, the SEC letter. That was out there in the public for over a year before plaintiff invested. Okay. But it also says investors do not and are right not to expect opinions contained in those statements to reflect baseless off-the-cuff judgments of the kind that an individual might communicate in daily life. And isn't that what the SEC letter says? You have no bases to make these internal rate of return projections. I think the SEC letter needs to be also considered in context. It is not saying he has no basis. It is saying you have to consider what Fund 5 is. Fund 5 was a real estate investment fund that would go out and purchase rental properties. Those rental properties- It says we further note you have commenced only limited operations, have not paid any distributions to date, and do not appear to have a basis for such return. Please revise to remove this disclosure throughout the offering statement. That is correct. With respect to Fund 5, at the time the preliminary offering statement was filed, no properties had been purchased, and therefore there was no income for no distributions to be made for Fund 5. It doesn't mean that Cardone, in general, given his years of experience and the other funds he has operated, has no basis to know that his investments and to project that his investments will realize a 15% return over the course. The SEC was looking at just Fund 5, and the fact that it had not purchased any properties at the time meant that that projection could not go in the offering statement. I agree with Judge Koh. This is a twist that I don't think was really laid out. In fact, when I was reading your brief, it seemed to me you were relying heavily in this segment of the argument on this Casella v. Webb case, correct? We do not rely on Casella v. Webb, no. That is Pino's primary case. So what's wrong with that case? That case does not apply to opinion statements. That case also looks at the portion of Section 12, which I referred to earlier, which is the parenthetical on a purchaser having knowledge. Omnicare is the correct case to look at. That is the case that looks at whether there is a misstatement of facts and how you plead and prove that in the opinion context. So in your view, the remand with the Omnicare framework, would also preclude the current pleadings on omission? They haven't stated, you think that we should affirm the district court? That is correct, Your Honor. I do not think they have pled, I think the district court was correct in holding that they did not plead an omission under Omnicare, because there is, when you look at it from the statement of the opinion, the author of that statement of opinion, Cardone, you look at it from their perspective, the public record has the SEC letter in it, so it is not an omission. Ms. Beattie, what do we do, I mean, I guess, are you suggesting that Omnicare overruled or conflicts with our views in Miller, that the fact that the mere truth, the fact that truthful information is available elsewhere does not relieve a defendant from liability for misrepresentations? Miller is not an opinion case. So Omnicare does not, there can't be a conflict because it is looking at different types of statements. Miller. But I guess, why not? I take it that the fact of the letter with respect to the omission goes to, in an opinion, it goes to the fact that the person opining had good reason, knew of the fact that that opinion was called into doubt. That's what the letter is doing for purposes of the opinion. It's not setting up, sure, it's not setting up, it's not falsifying the statement. And we're outside of fraud on the market theory, but why isn't the letter helpful in establishing that as an opinion? So I think opinions are a different animal. And so I think you really do have to look at opinions as a different animal. And the reason for that is what I had referred to earlier. But at the pleading stage, so he's offering an opinion about, that the SEC has told him appears to be unsubstantiated. So why doesn't that get them to at least fact finding with respect to whether that was a material omission as an opinion? The fact that it's an opinion seems to cut both ways. I think the fact that it's an, well, I think going from Omnicare and Miller back to that question, I think that they are very different things. because Miller addresses a statement of fact, Omnicare addresses a statement of opinion, and when you're looking at an opinion, this is why it's so important in Omnicare's language as to why an opinion is different from a fact. And that is because an opinion confirms only one fact. This is how you even get liability for an opinion in the first place. And that is that the speaker actually holds the stated belief. And so that's where the inquiry is focused on an opinion basis versus where you have a statement of fact that's just, it's clearly in the statute. It's not governed by Omnicare's analysis of opinion. Why isn't that enough at the pleading stage to establish, as your friend says, get more information about that kind of state of mind question with respect to the opinion? Because the Private Securities Litigation Reform Act holds that you're not entitled to discovery unless you can state a claim that survives a motion to dismiss. And here, their omissions theory does not survive the motion to dismiss because there was no admission. It's something in the public record when you consider it from Cardone's perspective, who is the speaker of the opinion. Yeah, I guess as Judge McKeon said, this is kind of a new area for us to sort out. And of course, under both, we're dealing with opinions and we're dealing with Section 12. And a lot of the background we have here are fraud cases. And so this is not fraud. Why shouldn't that be different where we're simply trying to figure out as an opinion what's in his head? It's not, I mean, what's your best case with respect to Section 12? I think that would be my answer, yeah. But I think as my colleagues have explored with you, Omnicare can't be read that strongly, I think. I think Omnicare can be read that strongly. If you look at the provision of the language in Section 11, the actual text of the statute that Omnicare is addressing, it is the same as what is in Section 12. So I think Omnicare can be read that strictly as applied to Section 12. You know, I've just read 190 to 194, and I disagree with you. I don't see it saying that as long as it's in the public record, there can be no liability. I see statements like, liability may result from omission of facts, for example, the fact that the speaker failed to conduct any investigation that rebut the recipient's predictable inference. I see statements like, the investor must identify particular material facts going to the basis for the issuer's opinion, facts about the inquiry the issuer did or did not conduct, or the knowledge it did or did not have, whose omission makes the opinion statement at issue misleading to a reasonable person, reading the statement fairly and in context. I just do not see your proposition here. An issuer must as well desist from misleading investors by saying one thing and holding back another. I don't see anything in here that, in my view, personal opinion, supports your reading. But let me ask you a question about whether Mr. Cardone would be personally responsible for the debt. When I look at Penal 1, it specifically says that the FAC plausibly alleged that these statements were untrue statements of fact. And Penal 1 did not allow the re-litigation of statement of facts. It allowed the re-litigation of opinion statements under Omnicare. And so, when I see that Mr. Cardone is now re-litigating that who's responsible for the debt, the answer is Grant. It seems like that is in violation of the instruction from Penal 1. I know he puts it under the umbrella of materiality, but saying, oh, it was true, this was my understanding, that is, in my view, fighting the prior panel's ruling on this point. So with respect to materiality, the opinion in Penal 1 nowhere held that the debt statement was material. It specifically says untrue statement of fact. It does not say – But his argument is not on materiality. It's like, well, I understood that for my portion that I would be responsible. That is fighting the falsity or truthness of the statement. I know you're calling it materiality, but that's still challenging the holding of the prior Ninth Circuit panel, which said these are untrue statements of fact that have been plausibly alleged. I would like to point, Your Honor, to the Hewlett-Packard decision, which is 845F3-1268. There, the Court confirmed, and this is a quote, context more appropriately factors into the question of whether an alleged misrepresentation was material to investors, not into whether a statement itself could be a misrepresentation. And so the context that we are arguing as to why the debt statement is not material absolutely does go to materiality, and not whether that snippet of information is that plaintiffs pull out of context, whether that standing alone is a misstatement of fact. The Court has already held that it is. But when you consider that into the entire context of the post, which does go to materiality under both Hewlett-Packard, also the Casella v. Webb decision, there it said that statements cannot be considered in isolation. They must be viewed in the context of the total presentation, and context does go to materiality. If our chief presider would present me another question, I had a question really about the subjective falsity. We've spent most of this time talking about the omission. Would you just comment briefly on that aspect of pleading related to subjective falsity? Yes, Your Honor. So on subjective falsity, all they have alleged here is that it was not reasonable for Cardone to believe the statement because of the SEC letter. But this Court in City of Dearborn v. Align made clear that Omnicare does not allow a plaintiff to allege anymore that an opinion is false because it lacks a reasonable basis. You have to allege that the speaker did not hold the belief. And there is nothing in the complaint at all to say that Cardone did not believe the projections were true. In fact, when you consider all of what is alleged, that the preliminary statement had the 15 percent IRR, that the post-SEC letter statements also say 15 percent IRR, really the only reasonable inference from those alleged facts is that he absolutely did believe in the 15 percent IRR, and in fact, the funds are on track to meet that. Thank you. Thank you. Any further questions? You're over three minutes over your time. Thank you. Thank you. We have four minutes and 28 seconds left. Go ahead, please. Thank you. I'll make three points in rebuttal. And I'd like to begin with the Supreme Court's decision in Omnicare. On page 187 of Omnicare, the Court held that if the issuer—and this is going into page 190—if the issuer made the statement in the face of its lawyer's contrary advice or with the knowledge that the federal government was taking the opposite view, the investor has cause to complain. He expects not just that the issuer believes the opinion, however irrationally, but that it fairly aligns with the information in the issuer's possession at that time. That is exactly the allegation here. The federal government, the SEC, told Cardone that it was taking the opposite view. He had no basis, in fact, to make this projection. He failed to disclose that. My friend relies on the language on the following page, page 190, about a speaker holding himself out or being understood as having special knowledge of the matter not available to the plaintiff. That sentence, which in fact is a quotation from Prosser and Keaton on torts, makes clear that the focus is on the speaker, the issuer. Cardone did hold himself out as having special knowledge not available to unaccredited investors like Pino. He told them that he was Nostradamus, that he was predicting the future when making these returns. Under Omnicare, that is one contextual fact that supports the plausibility of omissions liability here. My friends take the statutory text of 1282, which contains an affirmative defense about individual knowledge, and transform that into a blanket rule of constructive knowledge. This Court in Casella made clear that there is no such requirement for 1282. And it does not matter whether it concerns opinions or non-opinion statements, because the Court is bound by the plain text of the statute, which does not impose a barrier, a constructive knowledge barrier. Address also the debt statement. Judge Koh, you asked about that. All of the arguments that my friend on the other side made are about factual questions, about what the post may have meant, how it can be understood. That is all for the jury. This Court's holding in Pino 1 that the statement was false and actionable, and it made that holding that it was actionable. Following hearing these very arguments, Cardone, in his answering brief in the first appeal, made these arguments. This Court rejected them, holding that the statement is actionable. And I'll turn last to subjective falsity. It is not just the SEC's determination that supports the plausibility of Pino's allegations. It is Cardone's entire course of conduct here. It is clear that Cardone really wanted to make this claim to investors. His entire solicitation strategy is premised on projecting returns and distributions, the extraordinary returns that they will achieve. If he had any justification for making that projection, he would have proffered it to the SEC when the agency asked, but he did not. And that decision is helpful to look at in context. And this is his letter response to the SEC, in which he defends many other of the representations that he made. He fights back against the SEC about other findings in their letter to him. But this one stands alone in that he immediately backs away, and he never again makes that projection in an SEC document. If the Court has no further questions, we ask that you reverse. Thank you. Any questions? Okay. Thank you all. Thank you to everyone for your helpful arguments, and we are adjourned for the day.
judges: McKEOWN, KOH, JOHNSTONE